### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**TJ TERRY HILL,**

    **Plaintiff,**

    v.                               **CASE NO. 16-3252-SAC-DJW**

**BUTLER COUNTY JAIL,**

    **Defendant.**

### O R D E R

This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate currently confined in the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). On February 28, 2017, the Court entered a Notice and Order to Show Cause ("NOSC") (Doc. 5) giving Plaintiff until March 28, 2017, in which to show cause why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons set forth in the NOSC. The Court mailed the NOSC to Plaintiff on February 28, 2017, at his current address of record with the Court. The Court also mailed the NOSC to Plaintiff at HCF, his current location according to the KDOC. The mail was returned undeliverable, indicating Plaintiff was no longer at that address. (Docs. 6, 7.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address and failed to file a response to the NOSC within the allowed time.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to

1

comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009)(citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771-72 (citations omitted).

The time in which Plaintiff was required to show good cause why this action should not be dismissed for failure to state a claim has passed without a response from Plaintiff. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated this 4th day of April, 2017, at Topeka, Kansas.

>       **s/ Sam A. Crow**
>       **SAM A. CROW**
>       **U. S. Senior District Judge**